UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FARD A.R. DICKERSON**       **DOC #602702** | : | **CIVIL ACTION NO. 2:14-cv-2354**       **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **STATE OF LOUISIANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2254 by Fard Abdur Rahman Dickerson, an inmate in the custody of Louisiana's Department of Corrections. He is currently incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana, but at the time of filing, he was incarcerated at Allen Correctional Center in Kinder, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

On August 21, 2012, following a jury trial, Dickerson was convicted of one count of attempted simple burglary. *Dickerson v. Riverbend Detention Center, et al.*, 2:14-cv-1247, Doc. 15, p. 5. On September 7, 2012, he was sentenced to six years hard labor with credit for time served. *Id*; *Dickerson v. Riverbend,* Doc. 28, p. 4. Pursuant to Louisiana's Habitual Offender Law, the State of Louisiana filed a bill, alleging that Dickerson was a second-felony offender. *Id.*

On October 29, 2012, he entered a guilty plea on the bill and was then resentenced to twelve years incarceration. *Id.*

Thereafter Dickerson filed a motion to reconsider sentence and to withdraw his guilty plea. *Id.* On or about December 17, 2012, the trial court denied both motions. *Id.* He then filed a motion to vacate his habitual-offender sentence claiming that his plea was obtained by force and coercion, namely threats. *Id.* at 4-5. That motion was also denied. *Id.* at 5.

Dickerson appealed his sentence and conviction to Fourth Circuit Court of Appeal. Doc. 11, p. 2. Among his claims were assertions that his plea to the multiple bill had been coerced by threats from the trial court and that he was erroneously billed as a habitual offender. *Dickerson v. Riverbend*, Doc. 28, p. 5. On April 2, 2014, the appellate court affirmed his conviction and sentence. *Id.* On or about April 28, 2014, Dickerson sought further review by the Louisiana Supreme Court, adding yet more claims that his plea to the multiple bill was coerced by the prosecutors' threats, and that the multiple bill was defective. *Id.* at 5-6, 8. The Louisiana Supreme Court denied relief on November 19, 2014. Doc. 14, att. 1, p. 1. He did not seek further review in the United States Supreme Court [doc. 11, p. 3] nor does it appear that he attempted to obtain post-conviction relief at the state level.

On or about August 13, 2013, Dickerson filed a *pro se* petition for a writ of *habeas corpus* in the New Orleans Division of the United States District Court for the Eastern District of Louisiana where it is has been served and is currently pending. Therein, Dickerson raises the following claims: (1) Officer Wilson perjured herself on the question whether she advised him of his *Miranda* rights at the time she obtained statements from him; (2) he was denied his right under state law to a determination of probable cause within seventy-two hours of his arrest; (3) he was adjudicated an habitual offender based on an invalid predicate conviction and, further,

-2-

was coerced into pleading guilty to the multiple bill by the trial court's threat to sentence him to life imprisonment if he did not admit thereto; (4) he was not advised of his rights related to the habitual-offender proceeding; (5) his right to a speedy trial was violated by the state's delay in instituting prosecution; (6) the state adduced perjured police officer testimony at trial; (7) his trial counsel failed to plead Officer Wilson's perjury in connection with his post-verdict motions; (8) the state trial court accepted his plea to the multiple bill despite his assertion that he had been forced and/or coerced into accepting the plea offer; and (9) the state's multiple bill was defective. *Dickerson v. Riverbend,* Doc. 28, pp. 6-7.

Dickerson filed the instant *habeas* petition on July 22, 2014, and raised the following claims therein: (1) the court erred in accepting a defective bill of information; (2) that he had been forced and/or coerced into accepting the plea offer; (3) ineffective assistance of counsel; and (4) that the deficient bill of information caused his guilty plea to be flawed in that the bill listed the wrong statute for the offense to which he pleaded guilty. Doc. 11, pp. 6-8, 11. Dickerson also raises claims under 42 U.S.C. § 1983 alleging that the State of Louisiana and Judges Pittman, Bagneris, and Lobrano violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. Doc. 1, pp. 4-6; Doc. 11, p. 14.

Dickerson asks that he be immediately released from custody and also seeks monetary damages under § 1983 for the alleged violations of his civil rights. Doc. 1, pp. 5-6; Doc. 11, p. 14.

## II.
## LAW AND ANALYSIS

### A. Section 1983 Civil Rights Claims

Relief under § 1983 is not available in this *habeas* proceeding.

In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994). A *habeas* petition is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989), *Carson v. Johnson*, 112 F.3d 818, 820. The two are quite different. The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: if "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release" from custody he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d at 820-821 (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (*per curiam*)).

If he wishes to pursue claims under § 1983, Dickerson may attempt to file a civil rights complaint, paying the filing fee or seeking leave to proceed *in forma pauperis*, otherwise, this *habeas* petition is not the proper vehicle to do so.

### B. Habeas Corpus Claims

Although Dickerson is incarcerated in a correctional facility located in the Western District of Louisiana, his conviction occurred in a parish and judicial district located within the Eastern District of Louisiana. Pursuant to 28 U.S.C. §2241(d), the district of conviction and the district of incarceration have concurrent jurisdiction to entertain the application. While venue is correct in either district, it is more appropriate in the district where the conviction occurred.

While the furtherance of justice often requires that a court transfer a matter to the district of conviction, such is not the case here.  As previously stated, Dickerson already has a § 2254 petition pending in the Eastern District, and that filing entirely encompasses the claims he makes in the petition before this court.  Transfer would serve no useful purpose.

### III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** to: (1) Dickerson's ability to continue the pursuit of his *habeas* claims, if appropriate, in the 28 U.S.C. § 2254 petition currently pending in the United States District Court for Eastern District of Louisiana; and, (2) his right to pursue his civil rights claims by filing an appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 20th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE